UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEDERAL EXPRESS | § | |
| CORPORATION and | § | |
| FEDEX GROUND PACKAGE | § | |
| SYSTEM, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-2152-B |
| | § | |
| ROBRAD, L.L.C d/b/a THE LONE | § | |
| STAR SHIPPING COMPANY and | § | |
| BRADLEY T. WARD, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Federal Express Corporation's ("FedEx") Motion for Preliminary Injunction (doc. 5), filed on June 12, 2014. For the reasons stated below, Plaintiff's Motion is hereby **DENIED**.

I.

BACKGROUND

This case arises out of Defendants' alleged illegal and unauthorized use of the FedEx trademark. FedEx is engaged in both international and domestic transportation of cargo. Compl. 3. FedEx permits customers to create shipping accounts, which the customers can choose to have billed in a variety of ways. *Id.* On November 27, 2006, Defendant Bradley T. Ward ("Ward"), as President and on behalf of Defendant The Lone Star Shipping Company ("Lone Star"), entered into a FedEx Authorized ShipCenter Agreement (the "FASC Agreement") with FedEx. *Id.* at 4; Doc. 1-2, Compl.

Ex. A. The FASC Agreement authorized Defendants to accept packages on behalf of FedEx and tender packages for transportation via FedEx, in exchange for discounts on FedEx's services. *Id.*; Compl. Ex. A. As a FedEx Authorized ShipCenter ("FASC"), Lone Star was provided with FedEx Authorized ShipCenter signage, which it displayed in the storefront window. Compl. 4.

By letter dated April 4, 2011, FedEx terminated Lone Star's FASC status. *Id.* at 4; Doc. 1-5, Compl. Ex. D. Pursuant to Paragraph V of the FASC Agreement, Lone Star was required to immediately discontinue all use of FedEx packaging and trademarks, including signage. Compl. 4; Compl. Ex. A. On April 5, 2011, a FedEx-contracted vendor picked up the FedEx window sign that Lone Star had been using. Compl. 7. Thereafter FedEx Express and FedEx Ground stopped picking up packages from Lone Star. *Id.* Notwithstanding the termination of its FASC status and the retrieval of its signage, Lone Star allegedly continued to display a FedEx sign in its storefront. *Id.* In addition, it continued to ship with FedEx by delivering packages to various FedEx drop boxes. *Id.*

On June 12, 2014, FedEx filed suit in this Court against Defendants Robrad, L.L.C., d/b/a The Lone Star Shipping Company, and Bradley T. Ward, asserting claims for fraud and breach of contract, as well as for trademark infringement and trademark dilution under the Lanham Act. Compl. 1; 15 U.S.C. §§ 1114, 1125. Plaintiff also separately filed its present Motion for Preliminary Injunction. Doc. 5. On July 17, 2014, Defendants filed their Answer, which included a response to FedEx's Motion. Docs. 9, 9-1. Though Defendants' filing was untimely, given the extraordinary nature of the relief requested and the absence of any objection to the response by FedEx, the Court will consider Defendants' response in its analysis below. *See* Docs. 7–9; *see also* L.R. 7.1(e) (response and brief to an opposed motion must be filed within 21 days from the date the motion is filed).

## II.

## LEGAL STANDARD

The decision to grant a preliminary injunction is within the Court's discretion. *TGI Friday's Inc. v. Great Nw. Restaurants, Inc.*, 652 F. Supp. 2d 763, 766 (N.D. Tex. 2009)(citing *Miss. Power & Light Co. v. United Gas Pipe Line*, 760 F.2d 618, 621 (5th Cir. 1985)). However, a preliminary injunction is considered an "extraordinary and drastic remedy" and is not granted routinely, "but only when the movant, by a clear showing, carries the burden of persuasion." *Digital Generation, Inc. v. Boring*, 869 F. Supp. 2d 761, 772 (N.D. Tex. 2012). To obtain a preliminary injunction, a plaintiff must show "(1) a substantial likelihood of success on the merits; (2) a substantial threat that it will suffer irreparable injury absent the injunction; (3) that the threatened injury outweighs any harm the injunction might cause the defendants; and (4) that the injunction will not impair the public interest." *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000).

## III.

## ANALYSIS

FedEx seeks a preliminary injunction "requiring the Defendants to (a) immediately remove all FedEx signage from its [sic] business located at 6611 Hillcrest, Dallas, Texas, and (b) cease and refrain for [sic] all use of FedEx signage in the future." Compl. 11. FedEx further asks the Court to waive the bond requirement for such relief. Pl.'s Mot. 3. Defendants discourage the Court from granting FedEx's Motion because they claim they "have already taken the necessary remedial actions necessary to remove any references to FedEx from its store and Defendants have no intention of using FedEx's trade names or materials in the future." Defs.' Resp. 2. Defendants therefore claim FedEx's request for an injunction is moot. *Id.*

As a general matter, "a request for injunctive relief . . . becomes moot upon the happening of the event sought to be enjoined." *Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir. 1998). However, discontinuance of the illegal conduct at issue does not automatically terminate the Court's power to grant injunctive relief. *U.S. v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953). This is because "[t]he purpose of an injunction is to prevent future violations." *Id.* To obtain an injunction, "the moving party must [therefore] satisfy the court that the relief is needed." *Id.*

After reviewing the parties' filings and the relevant law, the Court concludes that FedEx has failed to show that a preliminary injunction is warranted. Specifically, FedEx has failed to make a clear showing that there is a substantial threat it will suffer irreparable injury if the preliminary injunction is not granted. "To be considered irreparable, the injury in question must be *imminent* and cannot be speculative." *Terex Corp. v. Cubex Ltd.*, No. 3:06–CV–1639–G, 2006 WL 3542706, at *9 (N.D. Tex. Dec. 7, 2006) (emphasis added) (citing *Watson v. Fed. Emergency Mgmt. Agency*, 437 F. Supp. 2d 638, 648 (S.D. Tex. 2006), *vacated on other grounds by* No. 06–20651, 2006 WL 3420613 (5th Cir. 2006) (per curiam)); *see Chacon v. Granata*, 515 F.2d 922, 925 (5th Cir. 1975) ("An injunction is appropriate only if the anticipated injury is imminent and irreparable."). FedEx argues that it will "likely suffer irreparable harm" because Defendants "have continued to pass off" Lone Star as an FASC location. Pl.'s Br. 6. As result, FedEx claims it has lost control over its valuable trademark and is at risk of a substantial threat of injury to its reputation and goodwill. *Id.* Though loss of control of trademarks or reputation may constitute a substantial threat of irreparable injury, *see* 652 F. Supp. 2d at 771, FedEx has here failed to demonstrate this loss or the substantial threat thereof. In other words, FedEx has not shown that Defendants continue to hold Lone Star out as an FASC location or otherwise infringe on their trademarks, or that there is a substantial risk they will

do so. All FedEx has offered is the statement that "[t]o the best of FedEx's information, Ward continues to display the FedEx signage in the window of his business and Defendants continue to hold themselves out as 'FedEx.'" Compl. 7; Pl.'s Br. 3.

      Not only does this fall short of clearly showing a substantial threat of irreparable harm, it distinguishes FedEx's Motion from the authority on which FedEx relies. *TGI Friday's* involved defendants who admitted that they continued to use the plaintiff's trademarks despite the termination of franchise agreements authorizing them to do so. *TGI Friday's*, 652 F. Supp. 2d at 767–8. Here, Defendants have made no such concession. In fact, they have stated in their response that they "have removed and will not use in the future any advertising and advertising [sic] or materials referring to or used by Fedex," and that they have taken steps necessary to "remove any references to Fedex from [their] store and . . . have no intention of using Fedex's trade names or materials in the future." Defs.' Resp. 2. Regrettably, FedEx has adduced no evidence, in the form of affidavits or other, that contradicts these statement or demonstrates that its risk of injury is more than speculative. In other words, FedEx has failed to show that there is a substantial threat that irreparable harm will result if the injunction is not granted. *See, e.g., Gonannies, Inc. v. Goupair.com, Inc.*, 464 F. Supp. 2d 603, 608–09 (N.D. Tex. 2006) ("Plaintiffs have not introduced any evidence of their own to show a threat of irreparable injury which cannot be adequately compensated by monetary damages."); *H.D. Vest, Inc. v. H.D. Vest Mgmt. and Servs., LLC*, No. 3:09–CV–00390–L, 2009 WL 1766095, at *4 (N.D. Tex. June 23, 2009) (denying motion for preliminary injunction where "Plaintiff pointed to no evidence in the record to show a threat of irreparable injury" and "merely states" that its harm is imminent); *see also W. T. Grant Co.*, 345 U.S. at 633 ("The necessary determination is that there exists some cognizable danger of recurrent violations, something more

than the mere possibility which serves to keep the case alive.").

This is a critical shortcoming. "[The Fifth Circuit has] made it clear in [its] decisions that preliminary injunctions will be denied based on a failure to prove separately each of the four elements of the four prong test for obtaining the injunction." *Plains Cotton Co-op Ass'n of Lubbock v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1261 (5th Cir. 1987). FedEx has failed to carry its burden of persuasion with respect to the second element—irreparable harm, and, in the context of a claim for trademark infringement under the Lanham Act, such injury simply cannot be presumed. *See Gonannies Inc.*, 464 F. Supp. 2d at 608–09 (N.D. Tex. 2006) (citing *Plains Cotton Co-op.*, 807 F.2d at 1261). Accordingly, the Court concludes that FedEx's Motion must be **DENIED.**.

## IV.
## CONCLUSION

For the foregoing reasons, Plaintiff Federal Express Corporation's Motion for Preliminary Injunction is **DENIED**.

**SO ORDERED.**

**SIGNED: August 7, 2014**.

---
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE