IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEDERAL EXPRESS CORPORATION and FEDEX GROUND PACKAGE SYSTEM, INC., | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:14-cv-2152-B |
| ROBRAD, L.L.C., d/b/a THE LONE STAR SHIPPING COMPANY, and BRADLEY T. WARD, | § § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiffs Federal Express Corporation and Fedex Ground Package System, Inc. ("Plaintiffs") and Defendants Bradley T. Ward and Robard, L.L.C. d/b/a The Lone Star Shipping Company ("Defendants") reached an agreement to settle, which was effectuated by the Court's entry of an Agreed Judgment. *See* Dkt. No. 22.

Plaintiffs have now filed their Second Motion to Enforce Judgment Against Defendants. *See* Dkt. No. 31 (the "Motion"). Defendants have not responded to this Motion, and their time to do so has passed. *See* N.D. TEX. L. CIV. R. 7.1(e).

United States District Judge Jane J. Boyle referred the Motion to the undersigned United States magistrate judge for hearing, if necessary, and recommendation or determination pursuant to 28 U.S.C. § 636(b). *See* Dkt. No. 32.

For the following reasons, the undersigned recommends that the Court grant in

part and deny in part Plaintiffs' Motion. The undersigned also recommends that, upon Plaintiffs' application, the Court issue a corresponding writ of execution.

## Background

Plaintiffs brought this action against Defendants asserting claims for fraud, breach of contract, trademark infringement, and trademark dilution. *See* Dkt. No. 1 at ¶ 1. The parties agreed to settle this action and memorialized their intention to settle with a General Release and Settlement Agreement. *See* Dkt. No. 31-1 (the "Settlement Agreement"). Under the Settlement Agreement, Defendants were obligated to pay Plaintiffs $30,000.00 in forty installments of $750.00. *See id.* at ¶ 3. In the event that Defendants defaulted on their payment obligation and did not cure such default, Plaintiffs had "the right to enter judgment against [them] for the full settlement amount of $30,000.00, together with interest and costs, less any payments made under the [Settlement Agreement]." *Id.* at ¶ 5.

On January 21, 2015, Plaintiff Federal Express Corporation and Defendants moved the Court to approve their proposed Agreed Judgment. *See* Dkt. No. 21 (the "Motion to Approve"). The parties did not attach their Settlement Agreement to the Motion to Approve or include its provisions in their proposed Agreed Judgment. But the proposed Agreed Judgment did include the following provision, which tracks the terms of the third paragraph of the Settlement Agreement:

> Judgment should be and hereby is entered in favor of Federal Express Corporation, jointly and severally, against Bradley L. Ward and Robrad, L.L.C., in the amount of Thirty Thousand and no/100 ($30,000), to be paid to Federal Express Corporation in forty (40) consecutive payments of Seven Hundred Fifty and no/100 ($750.00). The first payment will be due

    on February 15, 2015 and each subsequent payment will be due on the 15th day of each month.

Dkt. No. 21-1 at ¶ 1. The proposed Agreed Judgment also stated that "[t]his Court retains jurisdiction of this matter for purposes of enforcement of this Agreed Judgment." *Id.* at ¶ 3. On January 21, 2015, the Court signed and entered the parties' proposed Agreed Judgment. *See* Dkt. No. 22.

On June 16, 2015, Plaintiffs filed their first Motion to Enforce Judgment Against Defendants [Dkt. No. 23] (the "First Motion") because Defendants failed to make any payments pursuant to the Settlement Agreement. *See* Dkt. No. 23 at 2. Plaintiffs attached the Settlement Agreement to the First Motion. *See* Dkt. No. 23-1. The Court set the First Motion for oral hearing, s*ee* Dkt. No. 25, but cancelled the hearing, at the parties' request, because Defendants paid $6,000.00 to cure their default, *see* Dkt. No. 28; Dkt. No. 29; Dkt. No. 30; Dkt. No. 31-3 at ¶ 6.

On April 26, 2016, Plaintiffs filed the present Motion because Defendants have not made a payment since October 2015. *See* Dkt. No. 31 at 2; *see also* Dkt. 31-3 at ¶ 6. Plaintiffs also attached the Settlement Agreement to their present Motion. *See* Dkt. No. 31-1.

Defendants have not responded to the Motion, but, on May 2, 2016, Defendants' counsel reported that there is no opposition to the facts set forth in the Motion.

## Legal Standard

Enforcement of a settlement agreement requires its own basis for federal subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378

(1994). "A [federal] court's ancillary jurisdiction to manage its proceedings, vindicate its authority, and effectuate its decrees provides such an independent jurisdictional basis to enforce a settlement agreement only if the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal." *Hosp. House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002) (citing *Kokkonen*, 511 U.S. at 380-381) (internal quotations omitted). "[A] court may make a settlement agreement part of its dismissal order: either by separate provision (such as a provision retaining jurisdiction over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Hosp. House*, 298 F.3d at 430 (internal quotation marks omitted).

When a court makes an agreement part of its order, "a breach of the agreement would be a violation of the order, and, thus, enforcement of the agreement would amount to enforcement of the order, an action that the court may take pursuant to its ancillary jurisdiction to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id*. at 431 (citing *Kokkonen*, 511 U.S. at 380-81).

"A money judgment is enforced by a writ of execution, unless the court directs otherwise," and "[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." FED. R. CIV. P. 69(a)(1); *see also Andrews v. Roadway Exp. Inc.*, 473 F.3d 565, 568 (5th Cir. 2006) ("To enforce a judgment, judgment creditors must file a writ of execution in accordance with the practice and procedure of the state in which the district court is

held.").

## Analysis

The Court has jurisdiction to enforce the terms of the Settlement Agreement that are incorporated into the Agreed Judgment. The Agreed Judgment obligates Defendants to pay $30,000.00 to Federal Express Corporation in forty consecutive installment payments of $750.00, due on the 15th day of each month. *See* Dkt. No. 22 at ¶ 1. This provision of the Agreed Judgment echoes Defendants' payment obligations under the third paragraph of the Settlement Agreement. *See* Dkt. No. 31-1 at ¶ 3. Consequently, Defendants' breach of these payment obligations constitutes a violation of the Agreed Judgment. *See Hosp. House*, 298 F.3d at 430; *cf. Hill v. Schilling*, 495 F. App'x 480, 486 (5th Cir. 2012) (affirming the district court's jurisdiction to enforce a settlement agreement despite the fact that the judgment contained terms that were not included in the settlement agreement). And the Court should enforce the Agreed Judgment pursuant to its ancillary jurisdiction to effectuate its decrees. *See Hosp. House*, 298 F.3d at 431.

According to the Agreed Judgment, Defendants currently owe $6,000.00 in arrearage. *See* Dkt. No. 22 at ¶ 1; Dkt. No. 31 at 2; Dkt. No. 31-3 at ¶ 6. But Plaintiffs request an order requiring Defendants "to pay the remaining $24,000.00" owed under the Settlement Agreement. *See* Dkt. No. 31 at 3. Plaintiffs' request is apparently based on the fifth paragraph of the Settlement Agreement, which states that Plaintiffs "have the right to enter judgment ... for the full settlement amount" in the event of an uncured default. Dkt. No. 31-1 at ¶ 5. But the Agreed Judgment does not contain that

provision or any language allowing Plaintiffs to recover their full judgment amount under these circumstances. Under the circumstances here, the Court may only exercise jurisdiction in this action over enforcement of provisions found in the Settlement Agreement insofar they are incorporated as provisions of the Agreed Judgment. *See Hosp. House*, 298 F.3d at 430.

Although courts may retain jurisdiction over settlement agreements, *see id.*, the Agreed Judgment – which is identical to the parties' proposal, *see* Dkt. No. 21-1 – only retained the Court's jurisdiction over this matter for purposes of enforcing the Agreed Judgment, Dkt. No. 22 at ¶ 3. Further, the Court could not, as a practical matter, have retained jurisdiction over the provisions of the Settlement Agreement that were not incorporated into the Agreed Judgment because the Settlement Agreement was not filed with the Court until June 16, 2015 – over four months after the Court entered the Agreed Judgment. *See* Dkt. No. 23-1; *cf. Galera v. Relief Net Rd. Services, Inc.*, 3:13-cv-4723-L, 2015 WL 3386850, at *2 (N.D. Tex. May 26, 2015) ("[T]he court could not have included a separate provision in its ... Judgment retaining jurisdiction over the settlement agreement ... when it was not informed about the alleged settlement agreement until ... after it entered the Judgment.").

For these reasons, the undersigned recommends that the Court deny Plaintiffs' request for an order or judgment requiring payment of the full amount owed under the Settlement Agreement and, instead, order Defendants to pay the arrearage owed to date under the Agreed Judgment. Specifically, Plaintiffs are entitled to an order to enforce Defendants' obligations to pay the amount currently owing under the Agreed

Judgment, which is $6,000.00 in arrearage.

Although the Agreed Judgment does not specifically reference postjudgment interest, *see* Dkt. No. 22, as a general matter, "[t]he award of interest is automatic" to "merely adjust[] the damage award to reflect the time value of money," *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1048 n.6 (5th Cir. 1998); *see generally Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835-36 (1990) ("[T]he purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." (internal quotation marks omitted)). "The post-judgment interest rate for judgments in federal courts is governed by federal statute, 28 U.S.C. § 1961(a)," *Hall v. White, Getgey, Meyer Co., LPA*, 465 F.3d 587, 594 (5th Cir. 2006), and "[p]ostjudgment interest is not discretionary but 'shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield,'" *Tricon Energy Ltd. v. Vinmar Int'l, Ltd.*, 718 F.3d 448, 456–57 (5th Cir. 2013) (quoting 28 U.S.C. § 1961(a)). But post-judgment interest accrues until the judgment is satisfied, *see generally Nissho-Iwai Co. v. Occidental Crude Sales, Inc.*, 848 F.2d 613, 624 (5th Cir. 1988), and the Court therefore need not include interest as part of Defendants' obligation to pay only the amount currently due and owing, which is not the full amount that Defendants are obligated to pay over time under the Agreed Judgment.

Under Rule 69(a)(1), "[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the

procedure of the state where the court is located, but a federal statute governs to the extent it applies." FED. R. CIV. P. 69(a)(1). Although the Court retains jurisdiction over enforcement, Texas law dictates the process in which enforcement takes place. *See Andrews v. Roadway Exp. Inc.*, 473 F.3d 565, 568 (5th Cir. 2006) ("Appellants do not cite, and we have not found, any authority supporting their assertion that the district court's retention of continuing jurisdiction to enforce its judgment is tantamount to electing a process of enforcement other than execution according to state law. Instead, appellants confuse the district court's jurisdiction to enforce the judgment – which no party disputes – with the procedures by which the district court will enforce it."). Under Rule 69(a), the Court may enforce a money judgment solely by a writ of execution. *See United States Sec. & Exch. Comm'n v. Connectajet.com, Inc.*, No. 3:09-cv-1742-B, 2015 WL 6437697, at *2 (N.D. Tex. Oct. 16, 2015). Accordingly, the Court should issue a writ of execution to enforce Defendants' obligations to pay the amount currently owing under the Agreed Judgment.

## Recommendation

For the reasons stated above, the Court should grant in part and deny in part Plaintiffs Federal Express Corporation and FedEx Ground Package System, Inc.'s Second Motion to Enforce Judgment Against Defendants [Dkt. No. 31]. The Court should also issue a writ of execution on the amount currently owing under the Agreed Judgment in the amount of $6,000.00 as set forth above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 16, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE